KATHY A. DOCKERY
CHAPTER 13 TRUSTEE
801 S. FIGUEROA ST., SUITE 1850
LOS ANGELES, CA 90017
PHONE: (213) 996-4400
FAX: (213) 996-4426

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| IN RE:<br><br>EDMUND CHEUNG<br><br><br><br><br><br>DEBTOR(S). | Case No: LA22-15521-NB<br><br>CHAPTER 13<br><br><br>**TRUSTEE'S OBJECTIONS TO PLAN CONFIRMATION; DECLARATION IN SUPPORT THEREOF; AND NOTICE RE: EFFECT OF FAILURE TO APPEAR AT CONFIRMATION HEARING**<br><br>DATE:         May 4, 2023<br>TIME:          9:30 am<br>PLACE:      ROYBAL BUILDING<br>                     255 EAST TEMPLE STREET<br>                     Courtroom 1545 15th Floor<br>                     LOS ANGELES, CA 90012 |

TO THE HONORABLE  NEIL W. BASON,  UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR AND ALL PARTIES IN INTEREST:

The Chapter 13 Standing Trustee (the "Trustee") hereby objects to confirmation of the plan in that the Debtor(s) has failed to meet all of the mandatory requirements set forth under 11 U.S.C. §1325.  The Trustee's Objections are set forth in detail in Exhibit "A" of the attached Declaration in Support of the Trustee's Objections to Confirmation.  The Objections are based on information as known to the Trustee as of the §341(a) Meeting of Creditors (The "Meeting").  The Trustee reserves the right to raise additional objections.

Unless otherwise specified at the Meeting, the Trustee requests that the debtor(s) provide any new or amended documents no later than five days after the Meeting.  Pursuant to 11 U.S.C. §521(3), the debtor(s) is required to cooperate with the Trustee.

**THE FAILURE OF THE DEBTOR(S) OR THE ATTORNEY FOR DEBTOR(S), TO APPEAR AT THE CONFIRMATION HEARING IS CAUSE FOR DISMISSAL OR CONVERSION OF THE CASE UNLESS**

THE DEBTOR(S) OR THE ATTORNEY FOR DEBTOR(S) IS EXCUSED BY THE TRUSTEE OR BY A COURT ORDER PURSUANT TO L.B.R. 3015-1(d).

THE DEBTOR(S) AND ATTORNEY FOR DEBTOR(S), IF ANY, ARE ALSO ADVISED THAT THE CASE MAY BE DISMISSED OR CONVERTED AT THE CONFIRMATION HEARING IF ALL PLAN PAYMENTS AND THE DECLARATION SETTING FORTH POST-PETITION PRECONFIRMATION DEED OF TRUST PAYMENTS (OFFICIAL FORM F3015-1.4) ARE NOT TENDERED TO THE TRUSTEE PRIOR TO THE DULY NOTICED HEARING TIME.

WHEREFORE, the Standing Trustee respectfully requests that confirmation of the plan be denied.

DATED: 3/22/2023

_____
KATHY A. DOCKERY, Chapter 13 Trustee

**DECLARATION OF KATHY A. DOCKERY**

I, Kathy A. Dockery, declare as follows:

1. I am the standing Chapter 13 Trustee in this matter and by virtue thereof, I have personal knowledge of files and records kept by my office in the regular course of business. I have personally reviewed the files and records kept by my office in the within case. The following facts are true and correct and within my own personal knowledge and I could and would testify competently thereto if called to do so.

2. The Trustee objects to confirmation of the proposed Plan due to the following deficiencies all of which existed prior to or at the time of the §341(a) Meeting(s) held in this matter. A true and correct copy of the Trustee's Objections in this matter is attached hereto and incorporated herein by reference as Exhibit "A".

3. The Debtor(s) is requested to provide the documents and information set forth in Exhibit "A".

I declare under penalty of perjury that the foregoing is true and correct.

DATED: 3/22/2023

_____
KATHY A. DOCKERY, Chapter 13 Trustee

EXHIBIT A

## Trustee Objections

If the debtor(s) fails to produce the documents and resolve the issues set forth in this trustee's objection to confirmation, the trustee may recommend dismissal or conversion of the case for cause and unreasonable delay that is prejudicial to creditors.  See 11 U.S.C. §§1307(c) and 1307(c) (1).  *Other issues may arise at or before confirmation requiring additional action or information by the debtor and debtor's counsel.*

### BANKRUPTCY PAYMENTS MUST BE CURRENT AT CONFIRMATION

**Evidence of TFS bankruptcy payments or Cashier's Check payments must be uploaded to The Attorney Portal on the Trustee website, LATRUSTEE.COM.**

**If you do not have evidence that your bankruptcy payments are current, your case may be dismissed at the confirmation hearing.**

## *RESPONSES TO THE TRUSTEE'S OBJECTIONS ARE DUE ON March 13, 2023*

*Responses to the Trustee's Objections must be uploaded on The Attorney Portal on our website at latrustee.com.*

*All documents that are required to be filed with the Bankruptcy Court must be uploaded to PACER prior to uploading to The Attorney Portal on LATrustee.com*

| No. | OBJECTION | Amendment or Documentation Requested |
|---|---|---|
| | The Plan | |
| 1. | The Trustee requests that the Debtor's(s') proposed plan provide for the issuance of a payroll deduction order without further court order upon the Debtor becoming delinquent by two or more plan payments. The Debtor is also requested to check off the box in Part 1) 1.4 of the Plan to say "included" for other non-standard provisions. The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). | **Plan: Other Nonstandard Provisions Plan: Part 1, 1.4** |
| 2. | The Debtor is requested to file a plan which only checks off Box (a) "Percentage Plan" and Box (b) "Residual Plan" in Part 2, Section I, Paragraph (B)(1) of the plan in order to require plan payments for the full Applicable Commitment Period and to provide for the minimum percentage and dollars required to be paid to the nonpriority unsecured creditors due to the liquidation analysis result. See 11 U.S.C. §1325(b)(3) and (b)(4); 11 U.S.C. §1325(a)(4); see In re: Flores 735 F.3d 855 (9th Cir. 2013)(en banc).  The Debtor(s) has a duty to prepare schedules carefully, completely, and accurately. Cusano v. Klein, 264 F.3d 936, 946 (9th Cir. 2001); In re Mohring, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992).  The Debtor has a duty to cooperate with the Trustee.  See 11 U.S.C. §521(a)(3) and F.R.B.P. 4002(a)(4). | **Plan** |
| 3. | The proposed Plan is infeasible due to the claim(s) filed by the following creditors.  11 U.S.C. § 1325(a)(6).<br>• Wilmington Savings Fund<br>• Various Unsecured Claims | **Plan** |
| 4. | The Debtor has failed to commit all projected disposable income to the plan in light that the car loan for the 2017 Lexus will terminate within the term of the plan. The Debtor is requested to propose a step-up in the plan payment after the vehicle is paid in full.  The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). The Debtor has the burden of proof for | **Plan** |

| | | |
|---|---|---|
| | plan confirmation. See In re: Hill 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001. | |
| 5. | The Debtor has failed to pay all disposable income to the non-priority unsecured creditors as defined by the chapter 13 means test and therefore has failed to meet the requirements of 1325(b). | **Plan** |
| | **Statement of Current Monthly Income<br>And Calculation of Commitment Period and Disposable Income** | |
| 6. | The Debtor(s) is requested to remove the business expenses per In re: Weigand. The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). The Debtor has the burden of proof for plan confirmation. See In re: Hill 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001). | **Form 122C-1** |
| | **Income (Schedule I)** | |
| 7. | The Debtor(s) is requested to provide a copy of the 2022 Federal Income Tax Returns. The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). The Debtor has the burden of proof for plan confirmation. See *In re: Huerta* 137 B.R. 356, 365 (Bkrtcy.C.D.Cal., 1992), *In re: Wolff* 22 B.R. 510, 512 (9th Cir. BAP (Cal.) 1982), *In re: Hill* 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001). | **2022 Federal Income Tax Returns (when filed)** |
| 8. | The Debtor(s) has failed to produce all required business proof of income for a business without employees. The Debtor is requested to produce the following documents:<br><br>• 12 month projection;<br>• 6 months of bank statements prior to case filing;<br><br>See LBR 3015-1(c)(5); The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). | **As Stated** |
| | **Expenses (Schedule J)** | |
| 9. | The Debtor(s) is requested to provide evidence that the following expense(s) is reasonably necessary for the maintenance and support of the Debtor(s) and, if applicable, the Debtor's dependents:<br><br>• HOA<br>• Childcare<br>• Medical/Dental<br><br>The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). The Debtor has the burden of proof for plan confirmation. See *In re: Hill* 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001 | **Cancelled Checks or Invoices for 3 months prior to filing bankruptcy** |
| 10. | The Debtor(s) is requested to provide a copy of the Mortgage Statement. The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). The Debtor has the burden of proof for plan confirmation. See *In re: Hill* 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001). | **Copy of Mortgage Statement** |
| | **Assets (Schedules A,B,C)** | |
| 11. | If the Debtor(s) files a plan or amended plan which provides for less than a 100% dividend to Class 5 Creditors, the Debtor(s) is requested to provide evidence of the current fair market value of all real property the Debtor(s) discloses on Schedule A/B. The Debtor has the burden of proof for plan confirmation. See *In re: Hill* 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001); the Debtor(s) has a duty to prepare schedules carefully, completely, and accurately. *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001); *In re Mohring*, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992). The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. | **Evidence of Real Property Valuation**<br><br>**Evidence can include any of the following:**<br>▪**Broker Price Opinion**<br>▪**Appraisal**<br>▪**Online Appraisal** |

Case 2:22-bk-15521-NB    Doc 50    Filed 03/22/23    Entered 03/22/23 15:47:50    Desc
Page 6 of 7

| | | |
|---|---|---|
| | §521(3) and F.R.B.P. 4002(4). | ▪**Evidence of Prior Sales** |
| 12. | The Trustee objects to the homestead objection claimed by the Debtor(s) unless the Debtor(s) provides documentary evidence of the date on which the interest in the principal residence was acquired.  The Debtor has a duty to cooperate with the Trustee.  See 11 U.S.C. §521(3) and F.R.B.P. 4002(4).  The Debtor has the burden of proof for plan confirmation.  See *In re: Huerta* 137 B.R. 356, 365 (Bkrtcy.C.D.Cal., 1992), *In re: Wolff* 22 B.R. 510, 512 (9th Cir. BAP (Cal.) 1982), *In re: Hill* 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001). | **Documentary Evidence** |
| 13. | The Debtor is requested to provide a numerical value for all exemptions claimed under Schedule C.   The Debtor has a duty to cooperate with the Trustee.  See 11 U.S.C. §521(3) and F.R.B.P. 4002(4).  The Debtor(s) has a duty to prepare schedules carefully, completely, and accurately.  *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001); *In re Mohring*, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992). | **Schedule C** |
| 14. | The Trustee objects to the utilization of both sets of the California exemption code.  The Debtor has a duty to cooperate with the Trustee.  See 11 U.S.C. §521(3) and F.R.B.P. 4002(4).  The Debtor(s) has a duty to prepare schedules carefully, completely, and accurately.  *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001); *In re Mohring*, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992). | **Schedule C** |
| | Liabilities (Schedules D,E,F,G) | |
| 15. | The Debtor(s) is requested to provide a declaration regarding what the credit cards were used for and 6 months of credit card statements for the following credit cards:<br>▪ American Express, account number ending with 2003<br>▪ SYNCB/RKTN, account number ending with 0632<br>▪ Wells Fargo, account number ending with 8365<br>▪ Wells Fargo, account number ending with 9306<br>▪ Wells Fargo, account number ending with 2873<br><br>The Debtor has a duty to cooperate with the Trustee.  See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). | **Declaration**<br>**Credit Card Statements** |
| | Statement of Financial Affairs | |
| 16. | The Debtor(s) has failed to disclose his marital status.  See 11 U.S.C. §521(1); The Debtor(s) has a duty to prepare schedules carefully, completely, and accurately. *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001); *In re Mohring*, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992) | **SOFA, Part 1** |
| | Miscellaneous Objections | |
| 17. | The Debtor(s) is requested to provide all other names you have used in the last 8 years (Driver's license = "Edmund Y. Cheung".  The Debtor has a duty to cooperate with the Trustee.  See 11 U.S.C. §521(3) and F.R.B.P. 4002(4).  The Debtor has the burden of proof for plan confirmation.  See *In re: Hill* 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001). | **Amended Voluntary Petition** |
| 18. | The Debtor(s) has failed to disclose all required information with respect to the prior bankruptcy filings.  L.B.R. § 1015-2; the Debtor(s) has a duty to prepare schedules carefully, completely, and accurately.  See 11 U.S.C. §521(1); *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001); *In re Mohring*, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992). | **Statement of Related Cases** |
| 19. | The Debtor(s)is requested to complete, sign and upload to TRU the following forms at least 14 days prior to the Confirmation Hearing:<br><br>• Domestic Support Obligation Information Form (Court-Ordered Only) | **As Stated** |

Edmund Cheung
2215521
3/22/2023 3:22:50 PM

| | | |
|---|---|---|
| | • Third Party Authorization Form<br><br>The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(a)(3) and F.R.B.P. 4002(a)(4). | |
| 20. | The Debtor(s) is requested to provide a declaration regarding: Filing of Tax Returns and Payment of Domestic Support Obligations (Form 3015-1.8.Dec.Tax.Dso). The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). The Debtor has the burden of proof for plan confirmation. See *In re: Huerta* 137 B.R. 356, 365 (Bkrtcy.C.D.Cal., 1992), *In re: Wolff* 22 B.R. 510, 512 (9th Cir. BAP (Cal.) 1982), *In re: Hill* 268 B.R. 548, 552 (9th Cir.BAP (Cal.), 2001). | **Tax/DSO Declaration** |
| 21. | The Debtor(s) is requested to provide appropriate evidence of all required plan payments which have come due prior to the date and time of the scheduled confirmation hearing pursuant to the Trustee's policy and Local Bankruptcy Rules 3015-1(k) et seq. and 3015-1(m) et seq.<br><br>***Electronic plan payments made through TFS must be submitted 5 days before the Confirmation Hearing.*** *Any TFS payments submitted less than 6 days prior to the Confirmation Hearing may not be deemed evidence of the required plan payment.*<br><br>**Failure to timely submit plan payments including electronic payments may be cause for dismissal or conversion of the case to a case under chapter 7 pursuant to 11 U.S.C. Section 1307(c) and Local Bankruptcy Rule 3015-1(k)(4) and 3015-1(m)(8).** | **Evidence of Plan Payments including Proof of Mailing**<br><br>**Evidence of Electronic Payments with date of the transaction** |

Edmund Cheung
2215521
3/22/2023 3:22:50 PM